GILL SPERLEIN (172887)
LAW OFFICES OF GILL SPERLEIN
584 Castro Street, Suite 849
San Francisco, California 94114
Telephone: (415)378-2625
Facsimile: (415) 252-7747
sperlein@aol.com

Attorney for Plaintiff
IO GROUP, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IO GROUP, INC., a California corporation, | CASE NO.: |
| Plaintiff, | **COMPLAINT** |
| vs. | **(1) COPYRIGHT INFRINGEMENT; AND** |
| MICHAEL JAMES DEITCHER d/b/a Q-VIDEO, a resident of Texas, | **(2) AN ACCOUNTING** |
| Defendant. | **JURY TRIAL DEMANDED** |

## INTRODUCTION

1.   This is an action by IO GROUP, INC. a California corporation, d/b/a Titan Media ("Titan Media"), to recover damages arising from infringement of Titan Media's copyrights in its creative works by Defendant MICHAEL JAMES DEITCHER and to enjoin defendant from future infringement. Without plaintiff's authority, defendant reproduced plaintiff's copyrighted works and distributed those copies to the public by rental, lease or lending.

## THE PARTIES

2.  IO GROUP, INC. is a California corporation doing business as "Titan Media," with its principal place of business located at 69 Converse Street, San Francisco, California 94103. Titan Media produces, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, mobile phone content, cable broadcast, video on demand and content for other distribution channels.

3.  MICHAEL JAMES DEITCHER, is a resident of Texas who owns, operates and does business as Q-VIDEO, a video rental store located at 1415 California Street, Houston Texas.

## JURISDICTION

4.  This Court has subject matter jurisdiction over plaintiff's claims for copyright infringement and related claims pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

5.  The Court has personal jurisdiction over defendant. Defendant committed intentional acts expressly aimed at California, causing harm, the brunt of which was suffered and which defendant knew would be suffered in California. Plaintiff's claims arise out of the conduct that gives rise to personal jurisdiction over defendant.

## INTRADISTRICT ASSIGNMENT

6.  Since this matter is based in copyright it may be assigned to any of the three divisions of the District Court for the Northern District of California.

## VENUE

7.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1400(a).

## FACTS COMMON TO ALL CLAIMS

8. Plaintiff Titan Media produces and distributes adult-oriented audiovisual works in DVD format. Additionally, plaintiff maintains a website by and through which high-resolution versions of its photographic works and audiovisual content can be viewed by individuals who pay a monthly subscription fee.

9. Plaintiff additionally sells the audiovisual works it produces in DVD format through various wholesale companies for further retail distribution.

10. Plaintiff is recognized throughout the industry as one of the highest quality producers of gay erotica and has won numerous awards for its high-quality work, beginning with an award for Best Gay Video in its first year in existence (1995). Since then plaintiff has won awards nearly every year including awards for Best Art Direction, Best Videography, Best Packaging, Best DVD Extras, Best Cinematography, Best Editing and Best Studio.

11. Plaintiff is informed and believes, and based thereon alleges that defendant, as the owner and operator of a video rental store, has knowledge of copyright law.

12. Defendant, without authorization reproduced plaintiff's audiovisual works in copies.

13. Defendant, without authorization, distributed copies of plaintiff's audiovisual works to the public through rental, lease or lending.

14. Defendant reproduced and distributed at least seventeen (17) of plaintiff's registered works.

15. Each of the audiovisual works at issue in this action is of obvious high production value and is easily discernable as a professional work.

16. Each of the audiovisual works at issue in this action is identified with plaintiff's mark upon the packaging, upon the actual DVDs and upon the actual content of the DVDs.

17. Each of the audiovisual works at issue in this action is clearly labeled with warnings that unauthorized reproduction or distribution of the works is a violation of copyright law and that plaintiff enforces its copyrights to the fullest extent of the law.

18. As a business owner who regularly purchased adult oriented video works for his business, defendant knew or should have known a substantial portion of the adult video production studios reside and operate in California.

19. Each of the audiovisual works at issue in this action is clearly labeled with plaintiff's California address upon the packaging and upon the actual content of the DVDs.

20. Each of the audiovisual works at issue in this action is registered to plaintiff with the United States Copyright Office.

## FIRST CAUSE OF ACTION

(Copyright Infringement – 17 U.S.C. §501 )

Plaintiff Titan Media Owns Federally Registered Copyrights of Various Creative Works

21. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 20, inclusive.

22. Without plaintiff's authorization, defendant reproduced and distributed to the public by rental, lease or lending plaintiff's copyright protected works.

23. At all times relevant hereto, plaintiff has been the producer and owner of the audiovisual works defendant reproduced and distributed to the public by rental, lease or lending.

24. Plaintiff holds with the United States Copyright Office duly and properly registered copyright certificates for each of these works. Relevant copyright certificates include but may not

be limited to: *Alabama Takedown*, U.S. Registration Number PA-1-304-285; *Arcade*, U.S. Registration Number PA-1-335-711; *Boiler*, U.S. Registration Number PA-1-368-486; *Detour*, U.S. Registration Number PA-1-091-230; *Farm Fresh*, registration submitted and pending; *Fear*, registration submitted and pending; *Folsom Filth*, registration submitted and pending; *Gorge*, U.S. Registration Number PA-1-125-222; *H2O*, U.S. Registration Number PA-1-379-764; *Hitch*, U.S. Registration Number PA-1-344-055; *Life Guard*, registration submitted and pending; *Manplay 6*, U.S. Registration Number PA-1-138-721; *Redneck Hollow*, U.S. Registration Number PA-1-379-760; *Side Effects*, U.S. Registration Number PA-1-323-678; *Slammer*, U.S. Registration Number PA-1-119-437; *SpyQuest 3*, U.S. Registration Number PA-1-366-857; and *Trespass*, U.S. Registration Numbers PA-846-727 / PA-1-119-432.

<u>Defendant Willfully Infringed Plaintiff's Registered Copyrights</u>

25. Defendant infringed plaintiff's exclusive rights in its works by reproducing and distributing the works to the public by rental, lease or lending without proper approval or authorization of plaintiff.

26. Defendant knew it did not have permission to exploit plaintiff's works and knew or should have known its acts constituted copyright infringement.

27. Each of the works was clearly marked with plaintiff's trademarks and copyright notices. Defendant knew or should have known that plaintiff owned the audiovisual works at issue in this matter and that plaintiff vigorously defends its copyrights.

28. Defendant's conduct was willful within the meaning of the Copyright Act. At a minimum, defendant acted with willful blindness to and in reckless disregard of plaintiff's registered copyrights.

29. As a result of its wrongful conduct, defendant is liable to plaintiff for copyright infringement pursuant to 17 U.S.C. § 501. Plaintiff has suffered, and will continue to suffer, substantial losses, including but not limited to damage to its business reputation and goodwill.

30. Plaintiff is entitled to recover damages, which include its losses and any and all profits defendant have made as a result of his wrongful conduct. 17 U.S.C. § 504. Alternatively, plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c).

31. In accordance with 17 U.S.C. § 504(c)(2), plaintiff is entitled to enhanced statutory damages because defendant's infringement was willful.

32. Plaintiff is entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

## SECOND CAUSE OF ACTION

### (Accounting)

33. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 32, inclusive.

34. Pursuant to 17 U.S.C. § 504, plaintiff is entitled to statutory damages or plaintiff's actual damages and all defendant' profits attributable to the illegal acts herein described.

35. The amount of compensatory damages due from defendant to plaintiff is yet unknown and cannot be ascertained without a detailed accounting by defendant of the precise number of works he copied and the number of times he rented, leased or loaned those copies.

36. Accordingly, plaintiff is entitled to and hereby demands a full accounting from defendant.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial in this matter.

## **PRAYER**

WHEREFORE, Plaintiff Io Group, Inc. respectfully requests judgment as follows:

(1) That the Court enter judgment against defendant that he has:

    a. willfully infringed plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and

    b. otherwise injured the business reputation and business of plaintiff by defendant's acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against defendant, and that defendant, his agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying or making any other infringing use or infringing distribution of audiovisual works, photographs or other materials protected by Plaintiff Io Group's registered copyrights;

(3) That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of plaintiff's audiovisual works, photographs or other materials, which are in defendant's possession or under his control;

(4) That the Court enter an order requiring a full and complete accounting of all amounts due and owing to plaintiff as a result of defendant's illegal activities;

(5) That the Court order defendant to pay plaintiff's damages and defendant's profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for defendant's willful infringement of plaintiff's copyrights;

(6)     That the Court order defendant to pay plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

(8) That the Court grant to plaintiff such other and additional relief as is just and proper.

Dated:                                        Respectfully submitted,




                                              GILL SPERLEIN
                                              THE LAW OFFICE OF GILL SPERLEIN
                                              Attorney for Plaintiff IO GROUP, INC.

# CERTIFICATION OF INTERESTED PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Bruce Lahey – majority shareholder of Io Group, Inc.

Brian Ashby – minority shareholder of Io Group, Inc.

Dated:                                          Respectfully submitted,


GILL SPERLEIN
THE LAW OFFICE OF GILL SPERLEIN
Attorney for Plaintiff IO GROUP, INC.